Caroline R. Guest, OSB No. 943280
caroline.guest@ogletree.com
Florence Z. Mao, OSB No. 144804
florence.mao@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:     503-552-2140
Fax:                503-224-4518

Attorneys for Defendant
EDWARDS VACUUM LLC


Matthew Zekala, OSB No. 131454
mzekalamlo@gmail.com
2455 NW Marshall St., Suite 6
Portland, OR 97210
Tel:  503.282.0863
Fax:  503.886.8918

Attorneys for Plaintiff
ANDREW WILLIAMS

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| ANDREW WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EDWARDS VACUUM LLC,<br><br>　　　　Defendant. | **Case No.: 3:21-CV-00543-SB**<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

Plaintiff Andrew Williams ("Plaintiff") and Defendant Edwards Vacuum LLC ("Defendant") agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns Plaintiff's employment with Defendant, and his claims of retaliation for opposing unlawful practices and unsafe working conditions under Oregon state law.  The parties expect to exchange documents and information relating to : (a) any information contained in personnel-related files of Defendant's current or former employees (other than Plaintiff); (b) any documents relating to the performance of Defendant's current or former employees (other than Plaintiff); (c) all medical records (including records of any physician, psychiatrist, psychologist, counselor, or treatment professional) or documents or other information referring or relating to any medical condition(s), worker's compensation claim, or medical leaves of absence of any current or former employees of Defendant (including Plaintiff); (d) all documents or other information referring or relating to any protected health information of any individual, including, but not limited to, protected health information protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or state law; (e) all documents containing personal identifying information or any current or former employee, client, customer, or vendor of Defendant (including, but not limited to, financial, medical, date of birth, social security numbers, and contact information); (f) confidential, sensitive, and proprietary materials prepared by or for Defendant, such as personnel policies, training materials, and financial information, that may put Defendant at a disadvantage should the information be disclosed to Defendant's competitors; (g) non-public documents and other information relating to the finances or tax records of any of the parties; and (h) other proprietary and sensitive information and/or trade secret information as defined in ORS 651.461, Federal Rule of Civil Procedure 26, and interpreting case law or other non-public documents which counsel in good faith believes contain proprietary and/or trade secrets information.

2 – STIPULATED PROTECTIVE ORDER

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

4. If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

3 – STIPULATED PROTECTIVE ORDER

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.  Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.  "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.  Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

   a.  Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

      b.    In-house counsel for the parties, and the administrative staff for each in-house counsel.

      c.    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

      d.    Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

      e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

      f.    The authors and the original recipients of the documents.

      g.    Any court reporter or videographer reporting a deposition.

      h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

      i.    Any mediators, including his or her employees, who is engaged by the parties during the litigation of this action.

8.    Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9.    Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 8, as appropriate, for that portion of the deposition, hearing or pretrial proceeding.

10.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that

conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by either party of information or documents as "Confidential," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

13. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any

person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

14. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

15. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

16. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | MACKE LAW OFFICES LLC |
|---|---|
| By: s/Florence Z. Mao<br>Caroline R. Guest, OSB No. 943280<br>caroline.guest@ogletree.com<br>Florence Z. Mao, OSB No. 144804<br>florence.mao@ogletreedeakins.com<br>503.552.2140<br>Attorneys for Defendant<br>EDWARDS VACUUM LLC | By: s/ Matthew Zekala[1]<br>Matthew Zekala, OSB No. 131454<br>mzekalamlo@gmail.com<br>2455 NW Marshall St., Suite 6<br>Portland, OR 97210<br>Tel: 503.282.0863<br>Fax: 503.886.8918<br><br>Attorneys for Plaintiff<br>ANDREW WILLIAMS |

---

[1] Consent to electronic signature and filing given by email on May 25, 2021.

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED:

_____
Hon. Stacie F. Beckerman
Magistrate Judge

8 – STIPULATED PROTECTIVE ORDER

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

EXHIBIT A

I, _____ , have been advised by counsel of record for _____ in *Andrew Williams v. Edwards Vacuum LLC*, United States District Court for the District of Oregon Case No. 3:21-CV-00654, of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date

# CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2021, I served the foregoing **STIPULATED PROTECTIVE ORDER** on:

    Matthew Zekala, OSB No. 131454
    mzekalamlo@gmail.com
    Macke Law Offices LLC
    2455 NW Marshall St., Suite 6
    Portland, OR 97210
    Tel:  503.282.0863
    Fax:  503.886.8918

    Attorneys for
    Plaintiff Andrew Williams

- ■ by **electronic** means through the Court's eFile and Serve system.

- ☐ by **mailing** a true and correct copy to address for the persons listed above.

- ☐ by causing a true and correct copy to be **hand-delivered** to the address of each person listed above. It was contained in a sealed envelope and addressed as stated above.

- ☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed above. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

- ☐ by **e-mailing** a true and correct copy to the persons listed above.

    s/Kai Jones
    Kai Jones, Practice Assistant
    kai.jones@ogletree.com

47199765.1